632 So.2d 95 (1994)
Rodney E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02574.
District Court of Appeal of Florida, Second District.
February 2, 1994.
*96 James Marion Moorman, Public Defender, Bartow, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Rodney E. Smith challenges the sentencing scheme which resulted in his receiving four consecutive life sentences under the guidelines followed by five consecutive life sentences as a habitual violent felony offender together with applicable minimum mandatories, for a total of nine consecutive life sentences. We reverse and remand for resentencing.
The appellant was convicted after a jury trial of two counts of armed robbery and one count of sexual battery, all of which were committed with a firearm on September 4, 1991, at Little Caesar's Pizza. The appellant was subsequently convicted of three more armed robberies and three counts of armed kidnapping, committed October 16, 1991, at The Rent Club.
The appellant was sentenced in both cases at the same sentencing hearing. He received a guidelines sentence for sexual battery and the three kidnappings and a habitual violent felony offender sentence for the five robberies. The court imposed nine consecutive terms of life imprisonment each with a three-year minimum mandatory. A fifteen-year minimum mandatory was imposed consecutively for each of the five habitualized robberies, but concurrent to the three-year minimum mandatory also imposed for the robberies.
We find error in the computation of the scoresheet. The five robberies for which the appellant was habitualized were erroneously factored into the guidelines score as additional offenses at the time of the convictions. Habitualized offenses may not be used as additional offenses. Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). Recomputation without the robberies would reduce the appellant's guidelines sentence. We therefore reverse for this reason.
We also reverse the guidelines sentence because the four consecutive life sentences exceed the maximum guidelines sentence. See Tutt v. State, 620 So.2d 1110 (Fla. 2d DCA 1993). The recommended sentence was life; the permitted sentence was twenty-seven years to life. After recalculating the guidelines score, the trial court must sentence the appellant within the guidelines for the sexual battery and kidnappings.
We turn not to the five robberies for which the appellant received five consecutive *97 life sentences as a habitual violent felony offender. The trial court is not authorized under the habitual felony offender act to both enhance the sentences pursuant to the act and then to further increase the total penalty by ordering the sentences run consecutively where the offenses were committed during a single criminal episode. Hale v. State, 630 So.2d 521 (Fla. 1993).
Two robberies took place on September 4, 1991 at Little Caesar's Pizza; however, they did not occur in a simultaneous manner; therefore, the sentences may run consecutively. First, the appellant robbed the sexual battery victim of her personal jewelry in the back of the store; then, he robbed the other employee at the front of the store by compelling him to remove the contents of the cash register.
Three robberies took place on October 16, 1991 at The Rent Store. First, the appellant robbed three employees of personal belongings in the back of The Rent Store; then, the appellant separated the manager from the group, took him to the front of the store, and compelled him to hand over the contents of the cash register. Thus, the sentences for the first two robberies committed simultaneously in the back of The Rent Store should run concurrently. Imposition of a consecutive sentence for the third robbery, however, was proper. Moreover the two concurrent sentences for the robberies at The Rent Store may be imposed consecutively to the sentences for the robberies committed at Little Caesar's Pizza.
We therefore reverse the appellant's robbery sentences under the habitual offender act and upon remand the trial court may sentence the appellant to four instead of five consecutive life terms for the robberies.
The appellant also contends that the trial court erroneously imposed consecutive minimum mandatory sentences. Although the trial court did not expressly stack the minimum mandatory terms, it also did not expressly state that they were concurrent. Therefore, in order to avoid error at resentencing, we note the rule that minimum mandatory terms must be concurrent where the offenses were committed during the same criminal episode, unless the statute setting punishment for the crime contains a minimum mandatory sentence. Daniels v. State, 595 So.2d 952 (Fla. 1992).
The trial court imposed four consecutive three-year minimum mandatories for the guidelines offenses. In accordance with the rule in Daniels, however, the trial court may only impose two consecutive three-year minimum mandatory terms. The minimum mandatories for the three kidnappings at The Rent Store may run consecutively to the minimum mandatory imposed for the sexual battery at Little Caesar's Pizza, but the kidnapping minimum mandatories must run concurrently. The kidnappings were committed simultaneously when the appellant held a gun on three employees of the Rent Club and locked them into a bathroom. See Palmer v. State, 438 So.2d 1 (Fla. 1983).
The trial court imposed five consecutive fifteen-year minimum mandatories (concurrent with the three-year minimum mandatory term imposed for each robbery) for the habitualized offenses. Applying the rule in Daniels, however, the trial court may impose only four consecutive minimum mandatories, two of the robberies at The Rent Store having been committed simultaneously. See Downs v. State, 616 So.2d 444 (Fla. 1993).
Although it is not a departure from the guidelines to run the guidelines sentence and habitual offender sentences consecutively, see Boomer v. State, 616 So.2d 991 (Fla. 1993), the habitual offender sentence must be served first in order to preserve the appellant's entitlement, if any, to control release. See Ricardo v. State, 608 So.2d at 95. Thus, upon remand, the trial court may impose the guidelines sentence together with the minimum mandatories consecutive to the habitual offender sentences and their minimum mandatories.
In summary, upon resentencing, the trial court may impose four consecutive life sentences under the habitual offender act together with consecutive minimum mandatories followed by a guidelines sentence for the remaining four offenses which may include two consecutive minimum mandatories.
*98 Reversed and remanded for resentencing. Affirmed in all other respects.
RYDER, A.C.J., and SCHOONOVER, J., concur.