640 So.2d 1226 (1994)
Jeffrey KOON, a/k/a, John Welch, a/k/a, John H. Angus, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04534.
District Court of Appeal of Florida, Second District.
August 10, 1994.
James Marion Moorman, Public Defender, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Jeffrey Koon appeals his judgment and sentences for two counts of armed robbery. We affirm the judgment but reverse the consecutive sentences and remand for resentencing.
The state filed an information charging Mr. Koon with two counts of armed robbery. The evidence at trial established that two tourists, Mr. and Mrs. Rockwell, had just entered a motel room in Tampa when three men appeared in the room. One of the men held a gun and ordered the couple to give them everything. When Mr. Rockwell responded that they had nothing, the armed man pointed the gun at his head. In the meantime, one of the other men, whom the Rockwells identified as Mr. Koon at trial, took Mrs. Rockwell's purse and shoulder bag and ordered Mr. Rockwell to empty his pockets. The men robbed the Rockwells of over $400 in cash and personal items.
The jury found Mr. Koon guilty of both counts. The trial judge found that Mr. Koon qualified as a habitual violent offender and sentenced him as such to two consecutive life sentences.
Although Mr. Koon does not raise this argument on appeal, the trial court erred in imposing consecutive habitual felony offender sentences under these circumstances. The two robberies in this case occurred at the same time, in the same room but involved two separate victims. Under similar circumstances, this court has found the crimes were committed in a single episode. See Smith v. State, 632 So.2d 95 (Fla. 2d DCA 1994); Goff v. State, 616 So.2d 551 (Fla. 2d DCA 1993). While the trial court could impose separate life sentences, the trial court could not order the habitualized sentences to run consecutively. Hale v. State, 630 So.2d 521 (Fla. 1993). We, therefore, reverse the sentences *1227 and remand to the trial court to resentence Mr. Koon to concurrent life sentences.
We affirm the judgment. We reverse the sentences and remand for resentencing.
HALL, A.C.J., and BLUE, J., concur.