672 So.2d 54 (1996)
James SPRATLING, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2519.
District Court of Appeal of Florida, First District.
March 27, 1996.
Rehearing Denied May 10, 1996.
Nancy A. Daniels, Public Defender; Carl L. McGinnes, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Appellant raises two issues on appeal. We affirm as to one without discussion. The other issue is whether the trial court erred in imposing consecutive habitual offender sentences for the two burglary offenses. We find no error. In Woods v. State, 615 So.2d 197, 198 (Fla. 1st DCA 1993), the court held that in order to determine whether "two separate offenses have occurred, the court must consider whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents."
In the case at bar, the trial court imposed consecutive sentences for two separate burglaries. Two separate victims were involved, *55 and two separate residences were involved (separate units of a duplex). The trial court acted within its discretion in determining that two separate criminal episodes occurred. The consecutive habitual offender sentences are affirmed.
BOOTH, J., concurs.
BENTON, J., concurs in part and dissents in part with written opinion.
BENTON, Judge, concurring in part and dissenting in part.
Appellant was convicted of dealing in stolen property and on two counts of burglary of a dwelling. I concur in affirming the convictions. The jury heard testimony that, when he visited a pawn shop laden with goods stolen only minutes before, appellant was in a car like the one spotted at the duplex where the burglaries occurred. Two other occupants of the car did not enter the pawn shop, according to the pawnbroker's wife.
Appellant received three separate prison sentences as a habitual offender: consecutive twelve-year terms on each of the burglaries and an eight-year term for dealing in stolen property to run concurrently with the first sentence for burglary. Our supreme court has
f[ou]nd nothing in the language of the habitual offender statute which suggests that the legislature ... intended that, once sentences committed from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
Hale v. State, 630 So.2d 521, 524 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). We have held that consecutive sentences for burglary of a dwelling and dealing in property stolen there run afoul of the rule laid down in Hale. Hardee v. State, 659 So.2d 322 (Fla. 1st DCA 1994). The State conceded the point in Hardee.
The trial court's conclusion here that "the burglaries were separate crimes" is clearly correct: each apartment in the duplex was a separate dwelling. But, as far as can be told from this record, both crimes were part of a single criminal episode as defined in Hardee. The count alleging dealing in stolen property does not specify from which dwelling the property dealt in was stolen; and the evidence does not reveal in which order the burglaries took place.
If the burglaries were sequential, the first may have yielded the property in which appellant was convicted of dealing. If the other occupants of the car were accomplices, the burglaries could have been simultaneous. I would reverse the second consecutive twelve-year burglary sentence and remand with directions that it be made to run concurrently with the other sentences imposed.