673 So.2d 910 (1996)
Tony Brian WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00846.
District Court of Appeal of Florida, Second District.
May 10, 1996.
Julianne M. Holt, Public Defender, and Linda T. Swanick, Assistant Public Defender, Tampa, for Appellant.
No appearance for Appellee.
PER CURIAM.
The appellant, Tony Brian Wallace, challenges the trial court's judgments and sentences. We affirm the convictions without discussion, however, we find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resentencing.
The appellant was charged with four counts of robbery with a firearm (counts I-IV), in violation of section 812.13(1) and (2)(a), Florida Statutes (1991), aggravated battery with a firearm (count V), in violation of section 784.045, Florida Statutes (1991), and grand theft of a motor vehicle (count VI), in violation of section 812.014(2)(c)4, Florida Statutes (1991). The evidence at the jury trial established that the appellant and two other companions approached a parked vehicle where the four victims were waiting for their friends who had gone inside a restaurant. The appellant ordered the four victims *911 out of the car at gunpoint and took their money and other personal belongings. One of the victims suffered injuries as a result of the appellant striking him in the face with the gun. The appellant and his companions subsequently stole the car that belonged to one of the victims.
The jury found the appellant guilty as charged and the trial court subsequently adjudicated him guilty and sentenced him as a habitual violent felony offender as follows: count I, life in prison, consecutive to count V; count II, life in prison, consecutive to count I; count III, life in prison, consecutive to count II; count IV, life in prison, consecutive to count III; count V, life in prison, with a three year minimum mandatory and consecutive to count VI; and count VI, ten years in prison. The appellant filed a timely notice of appeal.
We find that under the facts of this case the trial court erred in sentencing the appellant to consecutive habitual violent felony offender sentences.
When a sentencing court enhances a sentence pursuant to the habitual offender statute, the court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred during a single criminal episode. Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). The record in the instant case clearly shows that the four robberies and the aggravated battery occurred during a single criminal episode since the crimes occurred at the same time and in the same location. The fact that the crimes involved four separate victims does not negate the fact that they occurred in a single episode. See Koon v. State, 640 So.2d 1226 (Fla. 2d DCA 1994). See also Echelmeier v. State, 662 So.2d 994 (Fla. 2d DCA 1995). Accordingly, we reverse and remand for the imposition of concurrent life sentences.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.