PER CURIAM.
Eddie Lock challenges the trial court’s summary denial of separate motions filed pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850. We affirm the denial of his rule 3.800 motion, and reverse the denial of his rule 3.850 motion for postconviction relief.
The trial court appended to its order excerpts of depositions of the victims which show that Lock entered a store, robbed a patron with a shotgun, directed him elsewhere, and then turned the weapon on the store clerk and robbed her. The record fails to indicate whether the assailant moved at all, except to turn his shotgun and his attention toward the second victim. The court denied appellant’s claim that consecutive habitual sentences (growing out of one criminal episode, as proscribed by Hale v. State, 630 So.2d 521 (Fla.1993)) were illegally imposed. Violations predating Hale are subject to collateral attack, State v. Callaway, 658 So.2d 983, 987 (Fla.1995), and Lock’s motion is timely. Lock v. State, 668 So.2d 1081 (Fla. 2d DCA 1996).
In its detailed order denying the motion the court attempts to distinguish eases which seem to support Lock’s position, asserting that distinct threats were issued to each of the victims. The cases, however, do not support the court’s analysis. Robberies of multiple victims at the same location have historically been treated as classic examples of cases deserving of the advantages afforded by Hale. See Wallace v. State, 673 So.2d 910 (Fla. 2d DCA 1996); Koon v. State, 640 So.2d 1226 (Fla. 2d DCA 1994); Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994); Smith v. State, 632 So.2d 95 (Fla.2d DCA 1994).
Smith is especially instructive. There the defendant robbed three people in the back of a retail establishment and then forced one of them, the manager, to the front of the store, where he was robbed of the contents of the cash register. Concurrent sentences were mandated for the first robberies, and a consecutive sentence was approved for the robbery occurring in the front of the store. Time and place are critical elements in a Hale analysis of the propriety of consecutive sentences. In the ease at bar, the court found these to be separate and distinct crimes, “sharing in common only proximities of time and location.”
The exception to a time and location analysis, exemplified in the situation in which the defendant discharges a firearm multiple times at multiple victims, is not applicable in the instant matter. Lifted v. State, 643 So.2d 94 (Fla. 4th DCA 1994).
Unless record attachments shed additional facts that separate these crimes in terms of time or location to a greater extent than we are able to discern from the record before us, the court must grant the motion and resen-tence Lock to concurrent terms for these two robberies.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL and FRANK, JJ., concur.