**Solomon STRADT, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 98–1923.

Supreme Court of Iowa.

March 22, 2000.

See also, 556 N.W.2d 149.

Patrick J. Kelly, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, William E. Davis, County Attorney, and Michael J. Walton, Assistant County Attorney, for appellee.

CARTER, Justice.

Postconviction applicant, Solomon Stradt, has appealed from the denial of his application for postconviction relief. In that application, he challenged his sentence following conviction of burglary in the third degree and theft in the first degree as being illegal. He also asserts that his trial counsel was ineffective for failing to challenge the sentence as illegal at the time it was imposed. Because an illegal sentence may be challenged at any time, we believe that the legality of the sentence is the only issue for review. We need not consider the claims of ineffective assistance of counsel.

The postconviction applicant was convicted of third-degree burglary and first-degree theft growing out of the same transaction. Because he had twice previously been convicted of a felony, the court imposed, as to each of these convictions, an enhanced fifteen-year indeterminate sentence as provided in Iowa Code section 902.9(2) (1997) for an habitual offender. In addition, the court ordered that the sentences be served consecutively.

The applicant's claim of illegal sentence appears to involve two contentions: (1) that when a person, twice before convicted of a felony, commits two additional felonies growing out of the same transaction, the habitual-offender sentencing enhancement may only be applied to one and not both of the latter two felony convictions; and (2) that if one or both of the sentences on the latter two felony convictions are enhanced under the habitual-offender statute then the sentences for the two offenses may not be made consecutive.

In support of this contention, Stradt relies on cases from other jurisdictions. In *Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164, 166 (1985), the defendant was convicted of sexual abuse and burglary and was given five-year enhancements on both counts under that state's recidivist statute. These sentences were ordered to be served consecutively. On appeal it was held that the five-year-enhancement provisions could only be imposed as to one of the counts of the indictment on which defendant had been convicted. In *Wallace v. State*, 673 So.2d 910, 911 (Fla.Dist.Ct.App. 1996), the court held that "[w]hen the sentencing court enhances a sentence pursuant to the habitual offender statute, the court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred during a single criminal episode."

We do not believe that either of the cases from other jurisdictions relied on by the applicant are reflective of Iowa law. This court has recognized that

> if accused ... is convicted on several counts of an indictment, and each count

is for a separate and distinct offense, a separate sentence may be pronounced on each count, and the court may pronounce separate and distinct sentences which are cumulative, and are to run consecutively. This is true, even though the several offenses were committed in the course of a single transaction.

*State v. Criswell,* 242 N.W.2d 259, 260 (Iowa 1976) (quoting 24 C.J.S. *Criminal Law* § 1567(3), at 424). We have held that, following a conviction of two felonies, a third and fourth felony offense may both be enhanced under the habitual-offender law. *State v. Gaskey,* 255 Iowa 967, 972–73, 124 N.W.2d 723, 725–26 (1963). Although the offenses involved in *Gaskey* did not arise from the same transaction, this is not significant because the sentencing statutes on single-count indictments and multiple-count indictments are identical. A court is required to impose the proper statutory sentence for each felony count for which a defendant is convicted. The statute prescribing the sentences in the present case provides:

> The maximum sentence for any person convicted of a felony ... if other than a class "A" felony shall be determined as follows:

> . . . .

2. An habitual offender shall be confined for no more than fifteen years.

Iowa Code § 902.9(2). This statute manifestly mandates an indeterminate fifteen-year sentence for both of the applicant's convictions under the multicount indictment.

■ With respect to the issue of consecutive sentences, the applicable statute provides:

> If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence.

Iowa Code § 901.8. In applying this statute to Stradt's situation, the sentences to which section 901.8 refers include the enhanced sentences because they were the legal sentences provided for the crimes that were committed.[1]

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

1. In *State v. Aguiar–Corona,* 508 N.W.2d 698, 703–04 (Iowa 1993), we approved multiple-enhancement penalties based on the use of a firearm with respect to each offense of a multiple-offense indictment. In that case, we discussed a federal habeas corpus decision on an Iowa conviction that this court had dismissed under Iowa Rule of Appellate Procedure 104. In that case, the firearm enhancement had been applied to each conviction in a four-count indictment and the four enhanced sentences were ordered to be served consecutively. *See Frink v. Iowa,* 968 F.2d 734, 737 (8th Cir.1992). The federal court found that these sentences were not improper.