820 So.2d 407 (2002)
Darrell RUTHERFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1185.
District Court of Appeal of Florida, Second District.
June 26, 2002.
SALCINES, Judge.
Darrell Rutherford appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because the trial court failed to address Rutherford's claim that the predicate offenses used to qualify him as a habitual violent felony offender did not satisfy the sequential convictions requirement of section 775.084(5), Florida Statutes (Supp. 1996).
Rutherford entered a negotiated plea to two counts of robbery with a firearm in *408 exchange for concurrent sentences of twenty-five years in prison as a habitual violent felony offender. In his motion, Rutherford alleged that the predicate convictions used to enhance his sentences were all entered on the same date pursuant to a single plea agreement. If Rutherford's claim is correct, he is entitled to relief because his sentences would be illegal. See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (finding habitual offender sentence which lacks requisite sequential felony convictions is an illegal sentence that can be corrected pursuant to rule 3.800(a)). The trial court, however, failed to address Rutherford's claim or to attach record documents that refute it.
Accordingly, we reverse and remand for further proceedings. If the trial court again concludes that summary denial is proper, it must set forth its rationale and attach any relevant portions of the record that conclusively show relief is not required.
We affirm Rutherford's remaining claims without comment.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., concur.