821 So.2d 1154 (2002)
Allan L. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1188.
District Court of Appeal of Florida, Second District.
July 10, 2002.
*1155 DAVIS, Judge.
Allan L. Hall appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand on one of his claims and affirm the remaining claims without comment except to clarify a statement in Johnson v. State, 765 So.2d 914 (Fla. 2d DCA 2000).
In one of Hall's claims, he cited Johnson as standing for the proposition that two qualifying prior convictions are necessary for a habitual violent felony offender sentence. Johnson does in fact say in dicta that "a defendant may receive a habitual violent felony offender sentence when he or she has previously been convicted of two or more felonies." Johnson, 765 So.2d at 915. We write now to clarify this statement. Indeed, a defendant may receive a habitual violent felony offender if the defendant has two qualifying prior convictions, but two qualifying priors are not necessary. A defendant needs only one qualifying prior conviction in order to be sentenced as a habitual violent felony offender. § 775.084(1)(b)(1), Fla. Stat. (1997).
Hall was convicted of sexual battery with slight force which is a second-degree felony pursuant to section 794.011(5), Florida Statutes (1991), and sexual battery with great force which is a life felony pursuant to section 794.011(3), Florida Statutes (1991). For the second-degree felony, he received a habitual violent felony offender sentence of thirty years with a ten-year minimum mandatory sentence. For the life felony, he received a non-habitual life sentence. The sentences are consecutive.
Hall argues that the habitual sentence must be served first. He is correct. In Smith v. State, 632 So.2d 95, 97 (Fla. 2d DCA 1994), this court held:
Although it is not a departure from the guidelines to run the guidelines sentence and habitual offender sentences consecutively, the habitual offender sentence must be served first in order to preserve the appellant's entitlement, if any, to control release.
(Citations omitted.) The trial court denied Hall's claim, stating that he "is not entitled to control release as he has been convicted of sexual battery." However, Smith states that the purpose is "to preserve the appellant's entitlement, if any, to control release." Smith, 632 So.2d at 97. In fact, sexual battery was one of the crimes committed by the defendant in Smith. (Emphasis added.) Hall is entitled to serve his habitual sentence first.
The record on appeal is limited, and we are unable to determine the order in which Hall was ordered to serve his consecutive sentences. We reverse and remand for the trial court to determine the order of the consecutive sentences and to insure that the habitual sentence is to be served prior to the non-habitual sentence.
Affirmed in part, reversed in part, and remanded.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.