898 So.2d 966 (2005)
Darian WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2341.
District Court of Appeal of Florida, Third District.
February 9, 2005.
Rehearing Denied May 4, 2005.
*967 Darian Williams, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, WELLS and SHEPHERD, JJ.
PER CURIAM.
Darian Williams appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Williams argues that he does not qualify as a habitual violent felony offender ("HVFO") because all of his prior felony adjudications were felonies for which he was sentenced on the same day. He argues that under a Second District decision, Rutherford v. State, 820 So.2d 407 (Fla. 2d DCA 2002), his prior felonies had to be sentenced on two or more different days in order to qualify him for HVFO sentencing. The Rutherford decision is apparently wrongly decided.
As the Second District has explained in another of its decisions, "A defendant needs only one qualifying prior conviction in order to be sentenced as a habitual violent felony offender." Hall v. State, 821 So.2d 1154 (Fla. 2d DCA 2002) (citation omitted); see Weford v. State, 784 So.2d 1222, 1223 (Fla. 3d DCA 2001); Daniels v. State, 634 So.2d 187, 193 (Fla. 3d DCA 1994). Since only one qualifying felony is needed for an HVFO adjudication, it does not matter if the qualifying felony was sentenced together with, or separate from, other qualifying felonies.
In the present case the defendant's motion indicates that he has at least one prior felony which qualifies him as an HVFO. It follows that the denial of the motion to correct illegal sentence in this case was correct.
Affirmed.