976 So.2d 1190 (2008)
James L. BUNCH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4363.
District Court of Appeal of Florida, Fifth District.
March 20, 2008.
James L. Bunch, Monticello, pro se.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Colllins, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
James Bunch appeals the summary denial of his rule 3.800(a) motion to correct illegal sentence. Mr. Bunch was sentenced as a habitual felony offender on two counts of sale of cocaine.[1] He contends that his habitual offender sentences are illegal because the lower court relied upon prior predicate convictions that were not sequential. See § 775.084(5), Fla. Stat. (2000); Bover v. State, 797 So.2d 1246, 1248-49 (Fla.2001).
The sentencing transcript reflects that both prior convictions used for habitualization occurred on September 8, 1998. At the sentencing, although the assistant state attorney referred to other prior convictions, none were actually admitted into evidence.[2]
Because Mr. Bunch did not raise this issue or object at the original sentencing hearing, on remand, the State will have the opportunity to present record evidence that would satisfy the sequential sentencing requirements of section 775.084(5). See Bover, 797 So.2d at 1248-49.
REVERSED and REMANDED.
PLEUS, TORPY and COHEN, JJ., concur.
NOTES
[1] Mr. Bunch was also sentenced on two counts of possession of cocaine and possession of cocaine with intent to deliver.
[2] The record does not reflect that the September 8, 1998 convictions occurred at separate sentencing proceedings.