WHATLEY, Judge.
 

 Clemons Wilson appeals the order summarily denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
 

 Although Wilson filed his motion fifteen years after he was sentenced, that is not fatal to his claim because “[a] rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed .... ”
 
 State v. Callaway,
 
 658 So.2d 983, 988 (Fla.1995).
 

 In the first ground of his motion, Wilson argued that the trial court improperly sentenced him as a habitual offender upon revocation of his probation in case numbers 90-13867 and 90-14091 when he was not originally sentenced as a habitual offender in those cases.
 

 A habitual offender sentence imposed when the defendant is not, as a matter of law, subject to habitualization, is illegal and may be corrected if the error is apparent on the face of the record.
 
 See Mack v. State,
 
 823 So.2d 746, 751 (Fla.2002) (holding that Mack was improperly habitualized upon the revocation of his
 
 *705
 
 probation when he was not originally sentenced as a habitual offender).
 

 The improper sentencing of Wilson is apparent on the face of the record attachments to the trial court’s order. Accordingly, we reverse Wilson’s sentences in case numbers 90-13867 and 90-14091 and remand for further proceedings.
 

 In the second ground of his motion, Wilson argued that his habitual offender sentences for the subsequent offenses that triggered the revocation of his probation were illegal because they were imposed in violation of the sequential conviction requirement.
 
 See Bover v. State,
 
 797 So.2d 1246, 1250 (Fla.2001) (“[T]he court must have imposed sentence for the two prior convictions separately from each other. Thus, although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences camiot be part of the same sentencing proceeding.”). However, the sequential conviction requirement was added to the habitual offender statute effective June 17,1993, after being repealed in 1988. Ch. 93-406 §§ 2, 44, Laws of Fla. According to his motion, Wilson was arrested for the offenses in case number 92-6001 on April 28,1992, and the judgment and sentence in that case show a date of March 1, 1993. Consequently, the sequential conviction requirement did not apply to Wilson’s sentencing as a habitual offender in case no. 92-6001. Accordingly, Wilson’s second ground is without merit.
 

 Affirmed in part; reversed in part, and remanded with directions.
 

 LaROSE, J., Concurs.
 

 KELLY, J., Concurs in result only.