PER CURIAM.
 

 We affirm the trial court’s order denying appellant’s Rule 3.800(a) motion to correct illegal sentence. Appellant was convicted of armed robbery and aggravated assault in 1995. The trial court sentenced him to forty years in prison as a habitual violent felony offender (“HVFO”) based on an earlier robbery conviction. In October 2009, appellant filed a motion to correct his sentence, claiming that section 775.084(5), Florida Statutes, requires two prior felony convictions before a defendant may be sentenced as an HVFO. The trial court properly rejected this argument, as “[a] defendant needs only one qualifying prior conviction in order to be sentenced as a habitual violent felony offender.”
 
 Hall v. State,
 
 821 So.2d 1154, 1155 (Fla. 2d DCA 2002). The robbery conviction was sufficient to sustain appellant’s HVFO sentence.
 

 We also affirm the trial court’s order enjoining appellant from filing any further pro se pleadings regarding his 1995 convic
 
 *1154
 
 tion. In May 2008, the trial court issued an order giving appellant the opportunity to show cause why he should not be prohibited from filing future post-conviction motions for relief. Instead of responding to the order to show cause, appellant simply filed another motion to correct. We find that the 2008 order gave appellant ample “notice and an opportunity to respond” prior to entering its order prohibiting further pro se filings.
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999).
 

 Finally, pursuant to
 
 Spencer,
 
 we order appellant to show cause within twenty (20) days of the date of this order why he should not be prohibited from filing future pro se post-conviction motions in this court challenging his 1995 conviction and sentence. This order acts as the notice and opportunity to respond required by
 
 Spencer.
 
 As he has in the trial court, appellant has filed repeated challenges to his conviction and sentence in this court that we deem frivolous and lacking in merit. A “highly-experienced prisoner litigant,” like appellant, must be aware after repeated denials of his pleadings “that none of the claims raised in the instant appeal[ ] have arguable merit.”
 
 McCutcheon v. State,
 
 44 So.3d 156, 161 (Fla. 4th DCA 2010). Failure to respond will result in an order prohibiting future pro se filings by appellant.
 

 Affirmed.
 

 WARNER, POLEN and LEVINE, JJ„ concur.