PARIENTE, J.
 

 Gregory Ponton seeks review of the decision of the Third District Court of Appeal in
 
 Ponton v. State,
 
 16 So.3d 918 (Fla. 3d DCA 2009), on the ground that it expressly and directly conflicts with the decision of the Second District Court of Appeal in
 
 Rutherford v. State,
 
 820 So.2d 407 (Fla. 2d DCA 2002), as it relates to whether the trial court can designate a defendant as a habitual violent felony offender based on prior convictions that were entered on the same day. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 Section 775.084, Florida Statutes (1993),
 
 [1]
 
 entitled in pertinent part “Habitual felony offenders and habitual violent felony offenders,” sets forth the requirements for a defendant to be designated either as a “habitual felony offender” (HFO) or a “habitual violent felony offender” (HVFO) and the enhanced punishments as a result of a defendant qualifying for either designation. § 775.084, Fla. Stat. (1993). As is more fully explained below, based on the statutory language, only one qualifying prior felony is required for an HVFO adjudication, and therefore it does not matter whether the qualifying prior felony conviction was adjudicated together with, or separate from, other felonies, so long as the qualifying felony conviction was entered separately from and prior to the current offense. In other words, once the State established that Ponton had one qualifying prior felony, he was properly sentenced as an HVFO. Thus, we approve the result of the Third District in
 
 Ponton
 
 and disapprove
 
 Rutherford.
 

 
 *72
 
 FACTS
 

 On March 21, 1996, Gregory Ponton was charged in .a seventeen-count indictment, including burglary with assault or battery while armed, armed robbery, aggravated battery with a firearm, aggravated battery, kidnapping with a weapon, attempted robbery, and possession of a firearm by a convicted felon, among other charges. These charges stemmed from the armed robbery of an older couple in their home on February 29, 1996, followed by an incident involving a taxicab outside the couple’s home shortly after the home invasion. Ponton was convicted of fourteen of the charges (counts 1-3, 5-12, 14, 15, and 16).
 
 [2]
 
 Counts 1 through 14 involved crimes that were committed during the home invasion and robbery, while counts 15 and 16 involved the crimes committed against the taxicab driver. The trial court imposed concurrent sentences for counts 1, 3, 6, 8, 9,10,11, and 14. These sentences were to run consecutive to the concurrent sentences imposed in counts 2, 5, 7, and 12. Finally, these sentences were also to run consecutive to the concurrent sentences imposed for counts 15 and 16. Ponton received three consecutive life sentences. In addition, as Ponton’s record indicated that he had committed prior violent felonies in 1981 (robbery with a deadly weapon and kidnapping), the trial court also sentenced Ponton as an HVFO pursuant to section 775.084.
 

 On October 25, 2000, Ponton’s counsel filed a motion to correct sentencing error, asserting that although Ponton was sentenced as an HVFO, the 1995 statute that permitted life felonies to be eligible for HVFO sentencing violated the single-subject provision of the Florida Constitution, as held by this Court in
 
 Heggs v. State,
 
 759 So.2d 620 (Fla.2000). The trial court granted the motion, resentencing Ponton on count 1 in order to remove the HVFO designation for that count only.
 

 On May 16, 2008, Ponton filed a pro se motion to correct an illegal sentence. In the claim at issue here, Ponton asserted that the trial court improperly designated him as an HVFO based on prior convictions that were entered on the same day. According to Ponton, the HVFO statute has a sequential conviction requirement for the prior offenses, and thus because his prior predicate convictions were entered on the same day, they could not qualify as sequential convictions.
 
 [3]
 
 As to this claim, the postconviction court denied the claim, stating as follows:
 

 Assuming arguendo, that the defendant is correct that he was sentenced as a Habitual Violent Felony Offender based on predicate convictions that occurred on the same day, the defendant fails to state a claim for relief. There is no sequential sentencing requirement for a
 
 *73
 
 Habitual Violent Felony Offender under Florida Statute 775.084(b). However, none of the cases listed by the defendant were qualifying predicate convictions for sentencing under Fla. Stat. 775.084(b). The defendant qualified as a Habitual Violent Felony Offender based on his [1981] convictions for Armed Robbery and Kidnapping in Case F81-23398, for which he received a fifteen year sentence, and which occurred after the convictions in 1978.
 

 The record indicates that on December 1, 1995, he was released from incarceration for those offenses and then committed the current crimes on February 29,1996.
 

 Ponton appealed the order, and the Third District Court affirmed the postcon-viction court, stating in full:
 

 This is an appeal of an order denying, in part, a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). On point one, we affirm as to the consecutive sentences as a habitual violent felony offender (HVFO) on counts fifteen and sixteen on authority of
 
 Spratling v. State,
 
 672 So.2d 54 (Fla. 1st DCA 1996).
 

 In point three, the defendant relies on
 
 Rutherford v. State,
 
 820 So.2d 407 (Fla. 2d DCA 2002). As to that case, we have previously explained that the Second District apparently has an internal conflict of decisions. There is no sequential conviction requirement for an adjudication as an HVFO.
 
 Williams v. State,
 
 898 So.2d 966 (Fla. 3d DCA 2005). We affirm on point three under authority of
 
 Williams.
 
 We affirm as to the remaining claims without comment.
 

 Ponton,
 
 16 So.3d at 918. Ponton sought this Court’s discretionary review, asserting that the above decision conflicts with
 
 Rutherford.
 

 [4]
 

 ANALYSIS
 

 In order to resolve the conflict at issue, we first undertake an in-depth review of section 775.084. Next, we examine the decisions in
 
 Ponton
 
 and
 
 Williams v. State,
 
 898 So.2d 966 (Fla. 3d DCA 2005), a case upon which
 
 Ponton
 
 relies. Finally, we analyze the decision in
 
 Rutherford
 
 and resolve the conflict.
 

 Specifically, Ponton asserts that the postconviction court erred in failing to grant relief on his claim that he should not have been sentenced as an HVFO because it was based on predicate convictions that occurred on the same day. As the postconviction court noted, the predicate convictions that qualified Ponton to be sentenced as an HVFO were the 1981 convictions for armed robbery and kidnapping. Ponton challenges whether these prior offenses could be properly used as predicate convictions for the HVFO sentencing because the sentences for armed robbery and kidnapping were part of the same sentencing procedure, and thus, he contends, they did not satisfy the sequential conviction requirement of section 775.084(5). The postconviction court denied this claim, holding that “[t]here is no sequential sentencing requirement for a Habitual Violent Felony Offender under Florida Statute 775.084(b).” The district court affirmed and reiterated this statement.
 
 Ponton,
 
 16 So.3d at 918 (“There is
 
 *74
 
 no sequential conviction requirement for an adjudication as an HVFO.”). However, in
 
 Rutherford,
 
 820 So.2d at 407-08, the Second District reached a contrary result on this same question of law.
 

 Because the question involves an issue of statutory construction guided by legislative intent, we begin with the relevant statutory provisions of section 775.084, which set forth the requirements for sentencing a defendant as a habitual
 
 violent
 
 felony offender (HVFO) and a habitual felony offender (HFO). In order to be classified as an HVFO, the court must determine that the defendant committed at least
 
 one
 
 prior felony that is specifically enumerated by statute. Section 775.084(l)(b) states that in order to qualify as an HVFO, the trial court must find:
 

 1.The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
 

 a. Arson,
 

 b. Sexual battery,
 

 c. Robbery,
 

 d. Kidnapping,
 

 e. Aggravated child abuse,
 

 f. Aggravated assault,
 

 g. Murder,
 

 h. Manslaughter,
 

 i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
 

 j. Armed burglary, or
 

 k. Aggravated battery;
 

 2.The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
 

 3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
 

 4. A conviction of a crime necessary to the operation of this section has not been set aside in any postconviction proceeding.
 

 § 775.084(1)(b), Fla. Stat. (1993). This is different from the requirements of the HFO provision, which requires that a trial court find “[t]he defendant has previously been convicted of
 
 any combination of two or more felonies
 
 in this state or other qualified offenses,” among other requirements. § 775.084(1)(a)1., Fla. Stat. (emphasis added). Thus, a trial court may sentence a defendant as an HVFO based on only one specified prior violent felony conviction, whereas in order to sentence a defendant as an HFO, a court must find that the defendant committed two or more prior felonies of any type.
 

 Section 775.084(5) provides for the sequential conviction requirement. Specifically, this section requires, “In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5), Fla. Stat. (1993). While section 775.084(5) applies to both HFO and HVFO sentences, the application of the sequential conviction requirement differs between an HFO and an HVFO sentence, since an HVFO sentence requires only
 
 one
 
 prior specified conviction. Nevertheless, even under the HVFO provision, the predicate offense must be separate from the one for which the sentence is being imposed.
 

 
 *75
 
 In
 
 Ponton,
 
 the Third District rejected the defendant’s claim that he should not have been sentenced as an HVFO because the sentence was based on predicate convictions that occurred on the same day, holding, “There is no sequential conviction requirement for an adjudication as an HVFO.”
 
 Ponton,
 
 16 So.3d at 918. In reaching this conclusion, the Third District relied on its prior decision in
 
 Williams v. State,
 
 898 So.2d 966 (Fla. 3d DCA 2005), which set forth its reasoning in more detail. In
 
 Williams,
 
 the defendant made an argument similar to the one made in this case, alleging that he did not qualify as an HVFO because “all of his prior felony adjudications were felonies for which he was sentenced on the same day” and, based on
 
 Rutherford,
 
 “his prior felonies had to be sentenced on two or more different days in order to qualify him for HVFO sentencing.”
 
 Williams,
 
 898 So.2d at 967. The Third District rejected this argument, stating that the decision of
 
 Rutherford
 
 was “apparently wrongly decided.”
 
 Id.
 
 In support, the Third District pointed to a later decision by the Second District, which explained: “A defendant needs only one qualifying prior conviction in order to be sentenced as a habitual violent felony offender.”
 
 Williams,
 
 898 So.2d at 967 (quoting
 
 Hall v. State,
 
 821 So.2d 1154 (Fla. 2d DCA 2002)). The Third District concluded: “Since only one qualifying felony is needed for an HVFO adjudication, it does not matter if the qualifying felony was sentenced together with, or separate from, other qualifying felonies.”
 
 Williams,
 
 898 So.2d at 967.
 

 In
 
 Rutherford,
 
 the conflict case from the Second District, the defendant entered a plea to two counts of robbery with a firearm in exchange for concurrent sentences of twenty-five years in prison as an HVFO.
 
 Rutherford,
 
 820 So.2d at 407-08. He filed a motion to correct an illegal sentence, asserting that “the predicate convictions used to enhance his sentences were all entered on the same date pursuant to a single plea agreement.”
 
 Id.
 
 at 408. The trial court denied this claim, and the Second District reversed, holding that if the defendant was correct in his assertion that the prior predicate convictions used to establish his status as an HVFO were all entered on the same date, his HVFO sentence would be illegal.
 
 Id.
 
 (“If Rutherford’s claim is correct, he is entitled to relief because his sentences would be illegal.” (citing
 
 Bover v. State,
 
 797 So.2d 1246 (Fla.2001))).
 

 In
 
 Rutherford,
 
 the Second District failed to recognize the difference between the statutory requirements of the habitual felony offender (HFO) provisions and those of the habitual
 
 violent
 
 felony offender (HVFO) provisions. The confusion in
 
 Rutherford
 
 apparently stems from the fact that the Second District misapplied this Court’s opinion in
 
 Bover,
 
 which addressed an HFO sentence and not an HVFO sentence. In
 
 Bover,
 
 this Court was faced with the question of whether, in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the defendant could raise the claim that his habitual offender sentence was illegal because it was based on predicate felony offenses that did not satisfy the sequential conviction requirement in the habitual offender statute.
 
 Bover,
 
 797 So.2d at 1247. Specifically, this Court recognized that under section 775.084(5), the “court must have imposed [the] sentenced] for the two prior convictions separately from each other,” i.e., that although sentencing for the two unrelated crimes could take place on the same day, the sentences could not be part of the same sentencing proceeding.
 
 Bover,
 
 797 So.2d at 1250. Accordingly, this Court concluded that if the requisite predicate felonies essential to qualify a defendant for sentencing as a habitual offender did not exist because
 
 *76
 
 they were a part of the same sentencing proceeding, then the habitual offender sentence could not have been imposed as a matter of law, and the error could corrected pursuant to rule 3.800(a), so long as the error was apparent from the face of the record.
 
 Id.
 
 at 1250-51.
 

 The court in
 
 Rutherford
 
 relied on this reasoning in
 
 Bover,
 
 apparently without recognizing that
 
 Bover
 
 did not address HVFO designations, but only HFO designations.
 
 [5]
 
 As is clear from comparing the requisite predicate felonies for HFO and HVFO, an HFO designation requires that the defendant be previously convicted of two or more felonies, while an HVFO designation can be met with only one prior felony conviction, so long as that conviction is specifically enumerated in section 775.084(l)(b)l. Thus, as one conviction is sufficient for an HVFO designation, the application of section 775.084(5) differs, permitting a defendant to be sentenced as an HVFO so long as the prior violent felony conviction was entered prior to the current offense.
 

 In a similar manner, the cases upon which Ponton relies are inapposite because those cases address HFO sentences — not HVFO sentences.
 
 See Wilson v. State,
 
 25 So.3d 704, 705 (Fla. 2d DCA 2010) (holding that the sequential conviction requirement did not apply to the defendant’s sentencing because his crimes were committed prior to effective date of that provision);
 
 Bunch v. State,
 
 976 So.2d 1190 (Fla. 5th DCA 2008) (addressing how section 775.084(5) applies to an HFO sentence);
 
 Walker v. State,
 
 842 So.2d 969, 970 (Fla. 4th DCA 2003) (addressing how the sequential conviction requirement applies to an HFO sentence);
 
 Gordon v. Moore,
 
 832 So.2d 880, 881 (Fla. 3d DCA 2002) (addressing how the sequential conviction requirement applies to an HFO sentence).
 

 It is important to stress that the first part of subsection 775.084(5) applies to both HFO and HVFO sentences in that both require that to be “counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction
 
 sentenced separately prior to the current offense.”
 
 However, the second part of section 775.084(5), which also requires that the prior felony be
 
 “sentenced separately from any other felony conviction that is to be counted as a prior felony,”
 
 clearly applies only to an HFO sentence, which requires two qualifying felonies.
 

 In
 
 Ponton,
 
 the Third District stated, “There is no sequential conviction requirement for an adjudication as an HVFO.”
 
 Ponton,
 
 16 So.3d at 918. This sentence from the opinion may be misread to imply that both the first and second parts of section 775.084(5) do not apply to HVFO sentences, which would be incorrect. We disapprove this language and instead emphasize that section 775.084(5) still applies to HVFO sentences. Its application is simply different from HFO sentences: since only one qualifying prior felony is needed for an HVFO adjudication, it does not matter if the conviction for the qualifying prior felony was entered together with, or separate from, convictions for other qualifying felonies, so long as the qualifying felony conviction was adjudicat
 
 *77
 
 ed separately from and prior to the current offense.
 

 CONCLUSION
 

 For the reasons explained above, we approve the result of the Third District’s decision in
 
 Ponton
 
 and disapprove the decision in
 
 Rutherford.
 

 It is so ordered.
 

 CANADY, C.J., and LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . For purposes of this analysis, we rely upon the 1993 version of section 775.085 because the 1995 version of section 775.084 was amended by ch. 95-182, a law that was found to have violated the single-subject requirement.
 
 See State v. Thompson,
 
 750 So.2d 643 (Fla.1999).
 

 [2]
 

 . Ponton was convicted of the following: one count of burglary with assault or battery (count 1), two counts of armed robbery (counts 2 and 3), one count of aggravated battery (count 5), five counts of aggravated battery with a deadly weapon (counts 6-10), two counts of attempted kidnapping with a weapon (counts 11 and 12), one count of armed burglary (count 14), one count of armed burglary with assault (count 15), and one count of attempted robbery (count 16).
 

 [3]
 

 . Ponton’s motion before the postconviction court raised other claims, including the claim that his sentence was illegal because he was sentenced to three sets of consecutive sentences based on offenses that stemmed from a single criminal episode. The postconviction court granted relief in part as to this claim, holding that the sentences for counts 1 through 14 (involving the home invasion) should be served concurrently. However, the court denied relief as to the consecutive sentence imposed for offenses committed against the taxicab driver (counts 15 and 16) because these crimes were a separate criminal episode from the home invasion offenses.
 

 [4]
 

 . In his merits brief, Ponton also asserts that the postconviction court erred in holding that the February 29 offenses involved two criminal episodes because the record does not support the court’s finding that the home invasion (counts 1-14) were separate from the taxicab incident (counts 15 and 16). As this issue was not a basis for exercising our conflict jurisdiction, we decline to address it. See, e.g.,
 
 Shenfeld v. State,
 
 44 So.3d 96, 101 (Fla.2010);
 
 Bifulco v. Patient Bus. & Fin. Servs., Inc.,
 
 39 So.3d 1255, 1256 n. 3 (Fla. 2010);
 
 Thompson v. State,
 
 990 So.2d 482, 487 n. 1 (Fla.2008).
 

 [5]
 

 . The Court did not use the term "habitual felony offender” but used only the term "habitual offender.” However, in discussing Bo-ver’s sentence, the Court recognized that under section 775.084(4)(a)3., the statutory maximum for the offense that Bover committed was ten years rather than five years.
 
 Bover,
 
 797 So.2d at 1248. Section 775.084(4)(a) applies only to "habitual felony offender,” while section 775.084(4)(b) applies to "habitual violent felony offender.”