ON MOTION FOR REHEARING
 

 DAMOORGIAN, J.
 

 We revisit Abraham Yisrael’s challenge to the denial of his motion to correct sentence because on rehearing the State contends that we “overlooked or misapprehended” the fact that Yisrael was sentenced as a habitual violent felony offender as opposed to a habitual felony offender. In response to our initial order to show cause, the State suggested that the case be remanded to permit the trial court to consider whether the prior convictions were sequential and if so, to attach the appropriate documents. The State did not point to the “violent offender” designation or argue its significance. We issued the opinion upon the State’s suggestion. We now withdraw that opinion.
 

 Through its motion for rehearing, the State directs this court to the Florida Supreme Court’s decision in Yisrael’s case to confirm his designation.
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008). Significantly, while the State’s motion for rehearing was pending, the Florida Supreme Court resolved conflict among the districts as to whether the trial court can designate a defendant as a habitual violent felony offender based on prior convictions that were entered on the same day.
 
 Ponton v. State,
 
 73 So.3d 70 (Fla.2011). The supreme court noted conflict among the districts, analyzed the controlling statutes, and concluded that “since only one qualifying prior felony is needed for an HVFO adjudication, it does not matter if the conviction for the qualifying prior felony was entered together with, or separate from, convictions for other qualifying felonies, so long as the qualifying felony conviction was adjudicated separately from and prior to the current offense.”
 
 Id.
 
 at 76-77.
 

 In light of
 
 Ponton,
 
 we grant the State’s motion for rehearing and withdraw this court’s opinion dated May 4, 2011. Based upon the foregoing, we affirm the order on review.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.