# IN THE COURT OF APPEALS OF IOWA

No. 13-1200
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORNELL A. FIELDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown (plea) and Michael J. Schilling (sentencing), Judges.


        A defendant appeals the district court's imposition of consecutive sentences. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers and Lisa Schaeffer, Assistant County Attorneys, for appellee.


        Considered by Tabor, P.J., Bower, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**TABOR, P.J.**

This appeal involves a consecutive sentencing challenge. Because we find no abuse of discretion by the district court, we affirm.

## I. Background Facts and Proceedings

On the morning of January 6, 2013, police officers found a man, later identified as Thomas Wolf, lying in a field behind the West Burlington ball diamonds. The officers noticed blood on the ground and swelling to Wolf's face. Wolf was unable to speak with officers. Wolf later confirmed his wallet, keys, and cell phone had been stolen. Cornell Fields admitted stealing these items after assaulting Wolf.

The State charged Fields with robbery in the first degree, in violation of Iowa Code sections 711.1 and 711.2 (2013), a class "B" felony, and later amended the trial information to include a charge of willful injury, in violation of Iowa Code section 708.4(1). Both counts involved the same victim. The State agreed to reduce the robbery charge from first to second degree in return for Fields's plea of guilty to both counts. In pleading guilty, Fields agreed to consecutive sentences. The district court accepted Fields's pleas and sentenced him to two consecutive, indeterminate prison terms of ten years for the class "C" felonies.

Fields now appeals his sentences, arguing the court abused its discretion in imposing consecutive terms for crimes arising from a single transaction. Fields asked the Iowa Supreme Court to retain this appeal to overturn *State v. Criswell*,

242 N.W.2d 259 (Iowa 1976). *See* Iowa R. App. 6.1102(2)(f). But the Iowa Supreme Court reviewed the appellate briefs and transferred Fields's appeal to this court.

**II.    Standard of Review**

We review the sentence ordered for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). We find an abuse of discretion when the sentencing court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

A district court generally has discretion to impose concurrent or consecutive sentences for convictions on separate counts. Iowa Code § 901.8; *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994).

**III.    Analysis**

Fields seeks resentencing on the limited question of whether he deserves consecutive or concurrent sentences. He claims the district court erred in imposing consecutive sentences because the robbery and the willful injury involved the same victim and constituted "a single event of inseparable acts."

As an initial point, Fields claims his negotiated plea agreement to consecutive sentences does not bar his challenge on appeal. He contends his sentence was illegal and can be corrected at any time.

"[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *State v. Bruegger,* 773

N.W.2d 862, 871 (Iowa 2009). "An illegal sentence is void and 'not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation.'" *Tindell v. State,* 629 N.W.2d 357, 358 (Iowa 2001) (quoting *State v. Ohnmacht,* 342 N.W.2d 838, 843 (Iowa 1983)); *see also* Iowa R. Crim P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."). Even though Fields negotiated an agreement to consecutive sentences, a "guilty plea does not waive challenges that do not affect the validity of the conviction." *State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999). Notably, Fields is not challenging the validity of his two convictions.[1]

The State argues Fields did not receive an illegal sentence because the consecutive terms were authorized by statute. Iowa Code section 901.8 provides, "[I]f a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Fields contends the district court erred in imposing consecutive sentences under section 901.8 because the two criminal offenses arose out of the same transaction. He recognizes the success of his position rests on abandoning decades of precedent.

Fields relies on cases from three different jurisdictions to demonstrate why *Criswell* should be overturned. In *Criswell*, the Iowa Supreme Court ruled:

---

[1] Our supreme court recently decided a series of cases addressing the appropriate unit of prosecution in cases involving a single altercation or transaction. *State v. Ross*, 845 N.W.2d 692, 700-01 (Iowa 2014); *State v. Gines*, 844 N.W.2d 437, 441-42 (Iowa 2014); *State v. Copenhaver*, 844 N.W.2d 442, 447-49 (Iowa 2014); *State v. Velez*, 829 N.W.2d 572, 579-84 (Iowa 2013). Fields does not invoke these cases in his sentencing challenge.

> [When a defendant] is convicted on several counts of an indictment, and each count is for a separate and distinct offense, a separate sentence may be pronounced on each count, and the court may pronounce separate and distinct sentences which are cumulative, and are to run consecutively. This is true, even though the several offenses were committed in the course of a single transaction.

*Criswell,* 242 N.W.2d at 260 (quoting 24 C.J.S. *Criminal Law* § 1567(3), at 424-28) *amended by* 24 C.J.S. *Criminal Law* § 2099, at 149-50 (2006).

*Criswell* predated the legislature's adoption of section 901.8. Nevertheless, since the enactment of section 901.8, Iowa courts have cited and followed *Criswell.* For example, in *State v. Taylor,* 596 N.W.2d 55, 57 (Iowa 1999), the Iowa Supreme Court upheld *Criswell* while rejecting the defendant's claim that consecutive sentences "were inappropriate inasmuch as the two charges were so factually intertwined as to essentially constitute one." The court ruled it is appropriate to issue "consecutive sentences on multiple convictions arising from the same transaction." *Taylor,* 596 N.W.2d at 57. Further, statutory interpretations of sentencing provisions from other states are not controlling. *See Stradt v. State,* 608 N.W.2d 28, 29-30 (Iowa 2000) (finding both the Florida and West Virginia cases cited by the defendant were inapposite to Iowa's case law concerning consecutive sentences).

Thus, Iowa precedent allows consecutive sentences under section 901.8 even when the defendant committed the offenses during a single transaction. As the defendant acknowledges, reconsideration of this principle would have to come from our supreme court. *See State v. Hastings,* 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) (stating the court of appeals is "not at liberty to overturn

Iowa Supreme Court precedent"). Accordingly, the district court did not abuse its discretion in imposing consecutive sentences.

**AFFIRMED.**