635 So.2d 148 (1994)
Mark Allan DIETRICH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01925.
District Court of Appeal of Florida, Second District.
April 15, 1994.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Office of Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
In this appeal from convictions for two counts of aggravated assault and one count of battery, appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), suggesting two issues of possible error in the convictions. In accord with In re Anders Briefs, 581 So.2d 149 (Fla. 1991), we have carefully reviewed the record and find no merit in either of them. We do find error, however, in the sentencing scheme and reverse as to that issue.
The convictions for aggravated assault and battery involved two victims, the appellant's ex-girlfriend and her granddaughter. There is no dispute that both assaults and the one battery occurred during a single criminal episode which consisted of a domestic dispute.[1] The trial court sentenced the appellant to five years on each count as a habitual offender, the sentences on the three counts to be served consecutively. Because the facts clearly show that the crimes occurred during one criminal episode, this enhanced sentencing scheme is in violation of Hale v. State, 630 So.2d 521 (Fla. 1993). When a sentencing court enhances a sentence pursuant to the habitual offender statute, § 775.084, Fla. Stat. (1991), the court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred during a single criminal episode. This is precisely the error which occurred here.
*149 We affirm the convictions for aggravated assault and battery but vacate the sentence. We recognize that the trial judge did not have the benefit of the supreme court's ruling at the time he sentenced the appellant. We remand for entry of a sentencing order in conformance with Hale.
CAMPBELL and ALTENBERND, JJ., concur.
NOTES
[1] The appellant was also convicted of the offense of failing to appear while on bond which occurred on a separate date. The conviction and sentence for this crime, which was ordered to be served consecutively to the sentences for the assaults and the battery, are not at issue in this appeal.