642 So.2d 87 (1994)
Billie Wade CAIN, a/k/a Billy Wade Cain, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02030.
District Court of Appeal of Florida, Second District.
September 7, 1994.
*88 Stephen M. Martin of Stephen M. Martin, P.A., Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
HALL, Acting Chief Judge.
The appellant, Billy Wade Cain, contends he was improperly sentenced as a habitual offender to consecutive terms of imprisonment for offenses arising out of a single criminal episode. We agree and reverse.
In December 1992, Cain pled no contest to one count of burglary and one count of grand theft for breaking into a convenience store and stealing various items therefrom. After a hearing held on April 8, 1993, Cain was sentenced to seven and one-half years' imprisonment on each count, with each term to run consecutively. Cain thus filed a timely notice of appeal.
Where a defendant is sentenced for multiple crimes committed during a single criminal episode and those sentences are enhanced pursuant to the habitual offender statute, i.e., section 775.084, Florida Statutes (1991), "the [trial] court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred during a single criminal episode." Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). See also Hale v. State, 630 So.2d 521 (Fla. 1993). Since the instant record shows that the crimes at issue here were committed during a single criminal episode and were enhanced pursuant to the habitual offender statute, we find the trial court erred in further ordering the sentences for those crimes to be served consecutively.
Accordingly, the instant cause is reversed and remanded for resentencing consistent with this opinion.
PATTERSON and LAZZARA, JJ., concur.