643 So.2d 1177 (1994)
Solomon Timothy GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02244.
District Court of Appeal of Florida, Second District.
October 14, 1994.
James Marion Moorman, Public Defender and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ronald Napolitano, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Solomon Green challenges his convictions for sale of cocaine and possession of cocaine with intent to sell or deliver. He also seeks review of his sentence as a habitual offender. Green contends that the trial court erred in sentencing him to consecutive sanctions as a habitual offender when the crimes charged arose out of a single criminal episode. This argument is well taken. Accordingly, we reverse his sentence. We affirm Green's conviction and his status as a habitual offender without discussion.
A jury found Green guilty of two crimes based on his sale of one twenty-dollar piece of crack cocaine to an undercover officer: (1) possession of cocaine with intent to sell or deliver; and (2) sale of cocaine. Both of these crimes were second degree felonies. §§ 893.03(2)(a), 893.13(1)(a)1., Fla. Stat. (1991). The court determined that Green was a habitual offender and sentenced him to thirty years' imprisonment for sale of cocaine, followed by ten years' probation for possession with intent to deliver.
The trial court erred in imposing consecutive habitual offender sanctions under these circumstances. Green's crimes occurred in one criminal episode; both charges were based on the sale of one piece of cocaine. See Hale v. State, 630 So.2d 521 (Fla. 1993). Under the habitual offender statute, when the offenses occur in one criminal episode a trial court may not both enhance the sentences pursuant to the act and then increase the total penalty by ordering that they run consecutively. Hale; Smith v. State, 632 So.2d 95 (Fla. 2d DCA 1994), appeal dismissed, 639 So.2d 981 (Fla. 1994). This rule applies both when the sentence includes a minimum mandatory term and when it does not. See Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). Although the sanctions in Hale, Smith and Dietrich were consecutive sentences of imprisonment, the same reasoning also pertains to a sentence of imprisonment to be followed by probation.
*1178 We reverse and remand for resentencing. Of course, probation cannot be served concurrently with a term of imprisonment. If the lower court decides to sentence Green to imprisonment on his conviction for possession of cocaine with intent to deliver, the sentence must run concurrently with the sentence imposed for his conviction for sale of cocaine.
Affirmed in part, reversed in part and remanded.
BLUE and LAZZARA, JJ., concur.