RYDER, Acting Chief Judge.
Brian Lundy was convicted of three counts of robbery with a firearm. He first challenges the denial of his motion to suppress statements made to a police officer. We find no error on this point and affirm without discussion. He also seeks review of his sentence, three consecutive terms of life imprisonment as a habitual violent offender. We reverse and remand for resentencing because a court may not impose consecutive sentences under the habitual offender act if the crimes were committed in the same criminal episode.
At trial, the evidence showed that Lundy, who was carrying a gun, approached an employee of the Golden Corral Restaurant, Mr. Vasquez, and asked to be taken to the manager. The employee led him to the office, where Lundy instructed the manager to open the safe and give him the contents. While this was occurring, another employee, Mr. Sedgwick, noticed Vasquez and the manager, Mr. Biscardi, in the office with a strange man and thought that the store was being robbed. Lundy saw him, and directed Sedgwick to come to the office as well. The manager handed Lundy money from the safe. He next demanded that the three employees give him their wallets, which they did. Lundy then ran out the back door. He was subsequently arrested and charged with three counts of robbery with a firearm; the first based on the robbery of Biscardi, the second on the robbery of Vasquez and the third on the robbery of Sedgwick.
We conclude that these robberies occurred in one criminal episode. The robbery of the employees’ wallets took place immediately after the robbery of the safe. All of the victims were in the immediate area of the office. See Palmer v. State, 438 So.2d 1 (Fla.1983). Because Lundy was sentenced for multiple crimes committed during a single criminal episode, and because the trial court enhanced his sentence pursuant to the habitual offender statute, section 775.084, Florida Statutes (1991), it may not further enhance his penalty by ordering the sentences to be served consecutively. Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). See also Hale v. State, 630 So.2d 521 (Fla.1993). We note that the trial court sentenced Lundy to three minimum mandatory terms for use of a firearm under section 775.087(2), Florida Statutes (1991), and correctly ordered that those terms be served concurrently.
Reversed and remanded for resentencing consistent with this opinion.
BLUE and LAZZARA, JJ., concur.