RYDER, Acting Chief Judge.
Antonio Iglesias was convicted of burglary of a conveyance and grand theft of a motor vehicle. The court sentenced him as a habitual felony offender to ten years’ imprisonment on each count, to run consecutively. The public defender filed an Anders[1] brief asserting she could find no reversible error in the case. Mr. Iglesias filed a pro se brief challenging the sufficiency of the evidence to support his conviction and his sentence as a habitual offender.
We have reviewed the record on appeal and hold that the evidence presented was sufficient to support the conviction. We also find no error in the trial court’s decision to sentence Mr. Iglesias as a habitual offender. Although the court faded to make specific factual findings under section 775.084(1), Florida Statutes (1991), the record reveals this error was harmless. See Herrington v. State, 643 So.2d 1078 (Fla.1994).
The sentence, however, violates Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994) (when court enhances defendant’s penalty for multiple crimes committed in same criminal episode through the habitual offender statute, it may not further enhance the penalty by ordering the sentences to run consecutively). The trial court, which did not have the benefit of Hale at the time, imposed consecutive habitual offender sentences. The facts clearly show that both crimes occurred in the same criminal episode and involved the same motor vehicle. We therefore reverse Iglesias’s sentences, and remand to the trial court to impose concurrent sentences. Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part and remanded.
THREADGILL and ALTENBERND, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).