PER CURIAM.
The appellant, Jeffrey Green, challenges the trial court’s judgments and sentences. We affirm the appellant’s convictions, however, we find that the trial court erred in imposing consecutive habitualized sentences and certain costs and a condition of probation.
The appellant pleaded nolo contendere to burglary of a dwelling (count I) and third degree grand theft (count II) in violation of sections 810.02(3) and 812.014(2)(c), Florida Statutes (1993). The appellant was adjudicated guilty and sentenced as a habitual offender for count I to fifteen years in prison and to two years community control followed by thirteen years probation. The prison sentence of count I was suspended. The appellant was adjudicated guilty and sentenced as a habitual .offender for count II to five years *1225 in prison and to two years community control followed by three years probation. The prison sentence of that count was also suspended and was ordered to run consecutive to the prison sentence in count I. This timely appeal followed.
The appellant raises five points on appeal, three of which merit discussion. First, we agree with the appellant’s contention that the trial court erred in imposing consecutive habitualized sentences. When a defendant is sentenced for multiple crimes committed during a single criminal episode and those sentences are enhanced pursuant to the habitual offender statute, the trial court may not further enhance the penalty by ordering the individual sentences to be served consecutively. Cain v. State, 642 So.2d 87 (Fla. 2d DCA 1994). Because the facts in the instant case show that the crimes of burglary of a dwelling and grand theft occurred during one criminal episode and were enhanced pursuant to the habitual offender statute, we find that the trial court erred in ordering that the sentences be served consecutively.
We also agree with the appellant’s contentions that the trial court erred in imposing certain costs and a condition of probation that was not orally pronounced at sentencing. In the judgment and probation order, various costs were imposed without reference to any statutory authority. Since the record must contain a citation to the proper statutory authority supporting the assessment of both mandatory and discretionary costs, upon remand the trial court must set forth such statutory authority. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Furthermore, if the trial court upon remand resentences the appellant to other costs, the trial court must comply with the procedures and requirements outlined in the corresponding statutes. See Reyes v. State, 20 Fla.L.Weekly D467, — So.2d — (Fla. 2d DCA Feb. 15, 1995).
Lastly, we remind the trial court for purposes of resentencing that the portion of probation condition (4) which prohibits the carrying of weapons other than those enumerated in section 790.23, Florida Statutes (1993), must be orally pronounced and that the remainder of the condition which implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer is not proper. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
We, accordingly, reverse and remand for resentencing in accordance with this opinion.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.