PER CURIAM.
Troy Allen Wicker appeals his judgments and sentences, rendered after a jury trial, for one count of burglary of a dwelling, one count of grand theft in the third degree, and one count of grand theft of a motor vehicle. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record in accordance with our obligation under State v. Causey, 503 So.2d 321 (Fla. 1987), we directed the parties to file supplemental briefs addressing the issue of whether the trial court erred in imposing consecutive habitual offender sentences as to all three offenses. We now conclude that the trial court’s consecutive sentencing scheme violates the rule of Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), because all of the offenses occurred during a single criminal episode. Accordingly, although we affirm appellant’s convictions, we reverse and remand with directions that the trial court enter a corrected sentencing order imposing concurrent sentences.
The record shows that appellant burglarized the victim’s mobile home and stole various items of personal property, including her car keys, which were in a purse near her bed. He placed the property in the victim’s motor vehicle and then fled the scene. Appellant was later arrested after a police chase during which he abandoned the vehicle.
The state charged the theft of the vehicle separately from the theft of the other items. After his jury convictions, the trial court sentenced appellant as a habitual felony offender under section 775.084, Florida Statutes (1991), to thirty years’ imprisonment for burglary, ten years’ imprisonment for grand theft, and ten years’ imprisonment for grand theft of the vehicle.. It ordered that each of the sentences be served consecutive to the other.
We have held, consistent with Hale, that “[w]hen a sentencing court enhances a sentence pursuant to the habitual offender statute, § 775.084, Fla.Stat. (1991), the court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred during a single criminal episode.” Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). In this case, we conclude that the appellant committed these offenses during a single criminal episode.
We initially conclude that the offenses of burglary and grand theft of the personal property clearly took place during the course of one criminal episode, thus prohibiting the imposition of consecutive sentences as to those two crimes. See Cain v. State, 642 So.2d 87 (Fla. 2d DCA 1994). We also determine, based on the unique facts of this particular case, that the grand theft of the vehicle was part of this same episode. See Parker v. State, 633 So.2d 72, 76 (Fla. 1st DCA), review denied, 639 So.2d 980 (Fla.1994) (in determining whether series of criminal events constitutes a single criminal episode or separate criminal episodes, the focus must be directed to the facts of each individual case).
*1242 As noted, the record demonstrates that appellant took the victim’s car keys while burglarizing her mobile home and stealing other items of personal property, after which he immediately stole the vehicle and used it to transport the other stolen property. In our view, these facts clearly show that appellant formulated the intent to steal the vehicle while simultaneously committing the burglary and other theft. Thus, we conclude that all three offenses were sufficiently interrelated to constitute one criminal episode because they involved the same victim and occurred at the same location without any temporal interruption. E.g., Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993). Accordingly, under the rationale of Hale, the trial court was also prohibited from imposing a consecutive habitual offender sentence for grand theft of the vehicle.
We, therefore, reverse the consecutive portions of appellant’s sentences and remand for the entry of a sentencing order reflecting that all three sentences are to be served concurrently. The appellant need not be present for the entry of the corrected sentencing order.
Affirmed in part, reversed in part, and remanded with directions to enter new sentencing order.
FRANK, C.J., and ALTENBERND and LAZZARA, JJ., concur.