PER CURIAM.
The appellant, Curtis Lee Martin, challenges the habitual offender sentences imposed upon him in circuit court case number 92-607. We reverse the imposition of consecutive habitual offender sentences in that case.
The appellant pled nolo contendere to burglary and grand theft in circuit court case number 92-607. He also pled nolo contende-re to multiple charges in circuit court case number 92-659 and circuit court case number 92-750. The court adjudicated the appellant guilty of all the charges and sentenced him as a habitual offender. In circuit court case number 92-607, the trial court imposed two ten year prison terms and ordered that they be served consecutively to each other and consecutively to the thirty year prison term imposed in circuit court ease number 92-750. In circuit court case number 92-659, the trial court orally imposed three concurrent ten year prison terms and ordered that they be served concurrently to the sentences in the other two circuit court cases. This timely appeal from the three above-mentioned circuit court cases followed.
The appellant contends that the trial court erred in circuit court case number 92-607 by sentencing him to consecutive habitual offender sentences in connection with the same episode. We agree. When a defendant is sentenced for multiple crimes committed during a single criminal episode and those sentences are enhanced pursuant to the habitual offender statute, the trial court may not further enhance the penalty by ordering the individual sentences to be served consecutively. Cain v. State, 642 So.2d 87 (Fla. 2d DCA 1994). Because the record in case number 92-607 shows that the crimes of burglary and grand theft occurred during one criminal episode and were enhanced pursuant to the habitual offender statute, the trial court erred in ordering that the sentences be served consecutively.
The appellant also contends that a clerical error exists on the written judgment and sentence in circuit court case number 92-607. The parties agree that the judgment incorrectly characterizes the burglary as an armed burglary. Therefore, on remand, the word “armed” should be stricken.
We also note that a clerical error appears on the written judgment and sentence in circuit court case number 92-659. The written judgment indicates that the sentences in circuit court case number 92-659 were to be served consecutively to the sentence in circuit court ease number 92-750. However, the trial court at the sentencing hearing orally pronounced that the sentences in circuit court case number 92-659 were to be served concurrently to any other sentence. Therefore, the written judgment in circuit court case number 92-659 must be corrected to conform to the oral pronouncement. Wright v. State, 600 So.2d 548 (Fla. 2d DCA 1992).
*922 We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.