PER CURIAM.
Appellant challenges his sentence as a habitual offender to seven consecutive life sentences followed by a consecutive sentence of life probation for eight counts of armed robbery. We agree that the trial court erred in sentencing appellant to consecutive terms since all of the robberies occurred during the same criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); Koon v. State, 640 So.2d 1226 (Fla. 2d DCA 1994). When offenses occur in one criminal episode, a trial court may not enhance the sentences pursuant to the habitual offender statute and then increase the total penalty by ordering that the sentences run consecutively. This also applies to a sentence of imprisonment on one count, followed by a term of probation on another count arising from the same incident. Green v. State, 643 So.2d 1177 (Fla. 2d DCA 1994).
Accordingly, we reverse appellant’s sentences on all eight counts and remand to the trial court to resentence him to concurrent sentences. Since appellant cannot serve a *636 probationary term while incarcerated, if the trial court decides to resentence appellant on Count VIII to a sentence of imprisonment, it must run concurrently with his other sentences.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.