PARKER, Acting Chief Judge.
Norman Eugene Jackson appeals his sentences for convictions of possession with intent to sell or deliver cocaine and for sale of cocaine. We reverse the sentence.[1]
The trial court sentenced Jackson as a habitual offender to thirty years in prison for sale of cocaine to be followed by ten years’ probation for possession of cocaine with intent to sell or deliver. We conclude, and the state concedes, that the trial court erred in sentencing Jackson to consecutive sanctions of imprisonment and probation as a habitual offender for crimes that arose out of a single criminal episode. See Green v. State, 643 So.2d 1177 (Fla. 2d DCA 1994). Upon remand, we remind the trial court that it must advise Jackson orally at resentencing of any discretionary costs and special conditions of probation it seeks to impose. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc); Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992).
Reversed and remanded for resentencing.
ALTENBERND and QUINCE, JJ., concur.

. Jackson argued in his appeal that the trial court erred by failing to conduct a sufficient inquiry into his dissatisfaction with his counsel. Jackson raised this issue for the first time at sentencing. If the same attorney who represented Jackson at his trial and original sentencing represents him at his resentencing, we refer the trial judge to Judge Altenbemd's outline in Jones v. State, 658 So.2d 122, 126-29 (Fla. 2d DCA 1995) (Altenbemd, J., concurring), which suggests a line of questioning when a defendant complains about court-appointed counsel and implies that the attorney should be discharged.