809 So.2d 892 (2002)
Morris JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5004.
District Court of Appeal of Florida, Second District.
March 6, 2002.
SILBERMAN, Judge.
Morris Johnson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Johnson pleaded no contest to two counts of burglary and to one count of grand theft in case number 89-0909. He was sentenced as a habitual offender to consecutive sentences of ten years' incarceration for each of the burglary convictions and to a consecutive five years' probation for the grand theft conviction. Johnson claims that his consecutive sentences for the two burglaries and the grand theft are illegal because the charges arose out of the same incident. See Hale v. State, 630 So.2d 521, 524-25 (Fla.1993). Johnson's claim is facially sufficient and can be brought pursuant to rule 3.800(a) because he alleges that it can be determined from the face of the record that the sentences are illegal. See Adams v. State, 755 So.2d 678, 680 (Fla. 2d DCA 1999).
The trial court denied Johnson's claim, stating that the information showed that the offenses occurred on different dates and thus were separate criminal episodes. The trial court's order is factually incorrect. The information filed in case number 89-0909 indicates that the two burglaries and the one grand theft occurred on the same date. Because Johnson has made a facially sufficient claim which is not refuted by the record, we reverse and remand. On remand, if it can be determined from the record that these crimes arose from a single criminal episode, then Johnson is entitled to be resentenced to concurrent terms on his burglary and grand theft convictions. If the crimes did not, in fact, arise from a single criminal episode or if a determination cannot be made from the record, then the trial court may summarily deny the motion with appropriate attachments.
Reversed and remanded.
FULMER and KELLY, JJ., concur.