PER CURIAM.
Eugene Swanson appeals the summary denial of his amended motion to correct sentence filed in accordance with Florida Rule of Criminal Procedure 3.800(a). On February 15, 1980, Swanson was found guilty of sexual battery with a deadly weapon (count one) and aggravated battery with a deadly weapon (count two). The trial court sentenced Swanson to ninety-nine years’ imprisonment[1] on count one and thirty years’ imprisonment as a habit *195 ual felony offender on count two. The sentences were designated to run consecutively. In his motion, Swanson alleged that his sentences should run concurrently because consecutive habitual felony offender sentences for offenses arising out of a single criminal episode violate the principles announced in Hale v. State, 630 So.2d 521 (Fla.1993). For the reasons stated below, we reverse the postconviction court’s order.
We ordered the State to show cause why Swanson should not be granted relief. In its response, the State conceded that an excerpt from the victim’s trial testimony would be facially sufficient to establish a prima facie claim that both of Swanson’s offenses took place during a single criminal episode. Nevertheless, the State argued that Swanson’s claim was still procedurally insufficient because he failed to identify the specific transcript page numbers where the testimony in question could be found. However, such a standard places an undue burden on defendants. A defendant is not required to cite exact page numbers; he or she must only “identify with particularity the nonhearsay record documents upon which he [or she] relies.” Speas v. State, 887 So.2d 416, 418 (Fla. 2d DCA2004).
In the alternative argument in its response, the State conceded that Swanson’s consecutive sentences are illegal under the principles announced in Hale. However, the State’s suggested remedy for the illegality is different from the approach we employ here. If Swanson’s conviction for aggravated battery is not subject to a habitual felony offender enhancement, the maximum sentence for that offense is fifteen years, not thirty. The State contends that running the ninety-nine-year sentence for sexual battery concurrently with the reduced fifteen-year sentence for aggravated battery would defeat the trial court’s intent to impose the longest period of time for the two offenses. The State suggests restructuring the sentences by eliminating the habitual felony offender term completely and running the maximum fifteen-year term for aggravated battery consecutively with the ninety-nine-year term imposed for sexual battery. The resulting sentence would total 114 years, fifteen years less than Swanson’s current 129-year sentence. We reject this approach as being inconsistent with Hale.
Accordingly, we accept the State’s concession that Swanson’s consecutive sentences are illegal under Hale, hold that Swanson’s consecutive sentences are illegal, and reverse the postconviction court’s order. On remand, the postconviction court shall correct Swanson’s sentences by redesignating them to run concurrently.
Reversed and remanded.
VILLANTI, WALLACE, and MORRIS, JJ., Concur.

. When Swanson committed his offenses in 1979, sexual battery with a deadly weapon was a life felony punishable "by a term of imprisonment for life or for a term of years not less than 30.” § 775.082(3)(a), Fla. Stat. (1979).