VILLANTI, Judge.
Christopher Williams challenges an order denying his two-claim motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm as to claim one and reverse as to claim two.
Following a jury trial, Williams was convicted of and sentenced on five charges: attempted robbery, forty-five years’ prison as a habitual felony offender (HFO); two counts of aggravated assault, thirty years each as an HFO; felonious possession of a firearm, three years unenhanced; and resisting an officer with violence, ten years as an HFO. All sentences were run concurrent, resulting in an overall sentence of forty-five years. We affirmed Williams’ convictions but reversed his sentences due to improper multiple enhancements and an oral-written discrepancy. Williams v. State, 658 So.2d 612 (Fla. 2d DCA 1995). The resentencing court reduced four of the five sentences, retaining the HFO enhancement on all but the conviction for resisting with violence: attempted robbery, thirty years; aggravated assault, ten years each; resisting with violence, five years. Additionally, the court ran the sentence for resisting with violence (unen-hanced) consecutive to the sentence for one of the aggravated assaults (enhanced) and ran these two sentences consecutive to the other sentences.[1] The aggregate sentence amounted, again, to forty-five years.
In claim one, Williams argued that the resentencing court failed to properly award prison credit and jail credit. Specifically, when the resentencing court changed two sentences to run consecutive, the court should have, Williams contended, awarded credit on these sentences for both time spent in prison after sentencing and time spent in county jail before sentencing. The resentencing court awarded these credits only on the sentences that remained concurrent.
Agreeing with Williams in part, the postconviction court applied prison credit to each of the sentences. However, the court declined to award jail credit to the two sentences run consecutive to the others, ruling that, upon resentencing, jail credit applies only to the chronologically first sentence in a series of consecutive sentences.
When, at original sentencing, the court imposes concurrent sentences on multiple convictions, credit for time spent in jail prior to sentencing must be awarded against each sentence. Daniels v. State, 491 So.2d 543, 545 (Fla.1986). In contrast, jail credit may be awarded only against the first of consecutive sentences at original sentencing. Steadman v. State, 23 So.3d 811, 813 (Fla. 2d DCA 2009); Canete v. Fla. Dep’t of Corrs., 967 So.2d 412, 415-16 (Fla. 1st DCA 2007). Upon resentenc- *288 ing de novo, prison credit must be applied to each consecutive sentence. State v. Rabedeau, 2 So.3d 191, 193-94 (Fla.2009); see also Gisi v. State, 4 So.3d 613 (Fla.2009); Steadman, 23 So.3d at 812-13 (clarifying the distinction between jail credit and prison credit and noting that Rabedeau and Gisi concern prison credit only). The issue in the present case is whether, upon de novo resentencing when one or more sentences are changed from concurrent to consecutive, pre-original sentencing jail credit is to be applied only to the first of consecutive sentences, as in Steadman, or to each of the sentences, each of which has already begun to be served on a concurrent basis with the jail credit applied.
We conclude that because resen-tencing is a new proceeding, the court may essentially start afresh in the sentencing process and apply jail credit as in an original sentencing. See, e.g., State v. Collins, 985 So.2d 985, 989 (Fla.2008) (noting that “a resentencing must proceed as an entirely new proceeding and ... should proceed de novo on all issues bearing on the proper sentence” (citation and internal quotation marks omitted)). Even if the new sentence could be considered harsher than the original one,[2] double jeopardy is not implicated because “it does not offend double jeopardy principles to resentence a defendant to a harsher term when the original sentence was invalid.” Johnson v. State, 53 So.3d 360, 362 (Fla. 5th DCA 2011). As neither the resentencing court nor the postconviction court committed error, we affirm as to claim one.
In claim two, Williams argued that the nonhabitualized sentence for resisting with violence cannot run consecutive to the habitualized sentence for one of the aggravated assaults (count four) because both offenses arose out of a single episode. Additionally, attaching relevant pages from the trial transcript, he argued that this circumstance is demonstrable from the face of the record. See Johnson v. State, 809 So.2d 892, 892 (Fla. 2d DCA 2002) (“Johnson’s claim is facially sufficient and can be brought pursuant to rule 3.800(a) because he alleges that it can be determined from the face of the record that the sentences are illegal.”). Acknowledging Hale v. State, 630 So.2d 521, 524 (Fla.1993), which held that two habitualized sentences cannot run consecutive when the underlying offenses arose out of a single episode, the posteonviction court nevertheless denied the claim on the basis of certain subsequent case law that distinguishes between the Hale posture and a combination of habitualized and nonhabitualized sentences. E.g., Mills v. State, 23 So.3d 186, 188 (Fla. 1st DCA 2009) (“[Cjonsecu-tive HFO and non-HFO sentences imposed for crimes committed during a single criminal episode are legal if the aggregate sentence is less than that which could have been imposed if all HFO eligible convictions had been enhanced and ordered to run concurrently.”); see also Hamilton v. State, 996 So.2d 964, 965 (Fla. 1st DCA 2008); Kiedrowski v. State, 876 So.2d 692, 694-95 (Fla. 1st DCA 2004).
However, after the postconviction court entered its order, this court issued Swanson v. State, 98 So.3d 194 (Fla. 2d DCA 2012), in which we held that a combination of habitualized and nonhabitualized sentences running consecutively is illegal under Hale when the offenses arose from a single episode. At least two other district courts of appeal have also extended the Hale principle to this combination. See Fuller v. State, 867 So.2d 469, 470 (Fla. 5th *289 DCA 2004) (“The whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence.”); Dawson v. State, 951 So.2d 931, 934 (Fla. 4th DCA 2007) (following Fuller). We hereby align ourselves with the Fourth and Fifth districts. Additionally, we certify conflict with the First District Court of Appeal.
On remand, the court shall reconsider Williams’ claim two in light of the record and either deny the claim again or grant it and adjust the sentences on counts four and five to run concurrent -with each other. Williams need not be present for such a correction.
Reversed and remand with instructions; conflict certified.
CASANUEVA and CRENSHAW, JJ., Concur.

. The resentencing order does not address the conviction for felonious possession of a firearm.

. The new sentence here would not appear to be harsher in net terms because the sentences to which the originally specified number of days had already been applied had been run concurrent. On resentencing, the same number of days was applied once, giving the same net jail credit.