SILBERMAN, Judge.
Elíseo Gonzales Saldana seeks review of his judgment and sentences for attempted second-degree murder and shooting at, within, or into a building. Saldana challenges the jury instruction on attempted manslaughter by act, the admission of collateral crime evidence, and the imposition of consecutive sentences. We affirm Sal-dana’s convictions but write to address his challenge to the jury instruction on attempted manslaughter by act. We reverse Saldana’s consecutive sentences because, as the State concedes, they are illegal under Hale v. State, 630 So.2d 521 (Fla.1993).
Saldana was originally charged with attempted first-degree murder while discharging a firearm (count one), robbery (count two), armed burglary of a dwelling (count three), and shooting at, within, or into a building (count four). The trial court granted a motion for judgment of acquittal on count three. And the jury found Saldana guilty of the lesser-included offense of attempted second-degree murder on count one, not guilty on count two, and guilty as charged on count four. The court ultimately sentenced Saldana on count one to fifty years as a habitual felony offender (HFO) with thirty of those years as a prison releasee reoffender and a mandatory minimum of twenty-five years. On count four, the court imposed a consecutive fifteen-year sentence with no enhancements.
The first issue we address is Sal-dana’s challenge to the jury instruction on attempted manslaughter by act as a lesser-included offense.. The trial court gave the standard jury instruction that the supreme court has held is erroneous because it requires an intent to kill. See Williams v. State, 123 So.3d 23, 27 (Fla.2013).[1] Because defense counsel neither requested nor objected to this instruction, it must be reviewed for fundamental error. See id. at 27-28. In order to constitute fundamental error, the erroneous instruction must (1) pertain to a crime no more than one step removed from the offense for which the defendant is convicted and (2) concern “an *353 element of the crime that is in dispute and ‘is pertinent or material to what the jury must consider’ to convict.” Id. at 29.
In this case, the instruction pertained to attempted manslaughter by act, which is one-step removed from the crime of attempted second-degree murder. However, the element of intent was not in dispute or pertinent to what the jury had to consider to convict because Saldana’s sole defense was self-defense. See Richards v. State, 128 So.3d 959, 963 (Fla. 2d DCA 2013). That is, Saldana did not dispute that he intended to shoot the victim; he argued that he was justified in doing so. Thus, the only disputed issue for the jury to consider was whether Saldana’s use of force was justified as self-defense. Accordingly, the erroneous attempted manslaughter by act instruction did not constitute fundamental error. See id.
The second issue we address is Sal-dana’s challenge to the imposition of consecutive sentences. Saldana argues, and the State concedes, that the consecutive sentences imposed in this case are illegal under Hale v. State, 630 So.2d 521 (Fla.1993). Under Hale, consecutive HFO and non-HFO sentences are illegal if the underlying offenses arose from the same episode. Williams v. State, 124 So.3d 286, 288-89 (Fla. 2d DCA 2013); Swanson v. State, 98 So.3d 194, 195 (Fla. 2d DCA 2012). But see Cotto v. State, 89 So.3d 1025, 1030 (Fla. 3d DCA 2012) (“[W]e read Hale to forbid only the imposition of two or more consecutive sentences that have themselves been enhanced and which arise from the same criminal episode.”); Mills v. State, 23 So.3d 186, 188 (Fla. 1st DCA 2009) (“[Cjonseeutive HFO and non-HFO sentences imposed for crimes committed during a single criminal episode are legal if the aggregate sentence is less than that which could have been imposed if all HFO eligible convictions had been enhanced and ordered to run concurrently.”).
In this case, the charges of attempted murder and shooting at, within, or into a building arose from the same criminal episode. Thus, the consecutive non-HFO and HFO sentences for these crimes are illegal under Hale. See Williams, 124 So.3d at 288-89; Swanson, 98 So.3d at 195. Accordingly, we reverse Saldana’s sentences and remand with directions for the court to impose concurrent sentences. See Williams, 124 So.3d at 289 (holding that the postconviction court should reconsider the Hale claim and, if granted, adjust the HFO and non-HFO sentences to run concurrently); see also Swanson, 98 So.3d at 195 (reversing the denial of postconviction relief and remanding with directions for the postconviction court to adjust the defendant’s HFO sentences to run concurrently); Wicker v. State, 655 So.2d 1240, 1242 (Fla. 2d DCA 1995) (reversing consecutive HFO sentences on direct appeal pursuant to Hale and ordering the trial court to impose concurrent HFO sentences on remand).
Convictions affirmed; sentences reversed and remanded with directions.
WALLACE and MORRIS, JJ., Concur.

. This instruction has recently been amended to comport with Williams. See In re Standard Jury Instructions in Criminal Cases-Instruction 6.6, 132 So.3d 1124 (Fla.2014).