VAN NORTWICK, J.
Following our affirmance of the judgment and sentence for second-degree murder in Smith v. State, 43 So.3d 923 (Fla. 1st DCA 2010), Reginald Jerome Smith, appellant, sought discretionary review with the Florida Supreme Court, which stayed consideration pending its decision in Hay-good v. State, 109 So.3d 735 (Fla.2013). After rendering its decision in Haygood, the Supreme Court ordered the State to show cause why it should not grant Smith’s petition for discretionary review. The State did not respond and the Supreme Court accepted jurisdiction, granted Smith’s petition for review, quashed our decision affirming Smith’s judgment and sentence, and remanded for reconsideration in light of Haygood. Smith v. State, 137 So.3d 1022 (Fla.2014). We ordered supplemental briefing to address the application of Haygood to the disposition of Smith’s appeal.
As explained in another of our recently reconsidered cases, the Haygood Court “held that giving the erroneous manslaughter by act instruction is not cured by also instructing the jury on culpable negligence manslaughter where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act but does not reasonably support a finding that the death occurred due to the defendant’s culpable negligence.” Salonko v. State, — So.3d *973 —, 2014 WL 2810565, 39 Fla. L. Weekly D1324 (Fla. 1st DCA June 27, 2014) (citing Haygood, 109 So.3d at 743). The Supreme Court explained in Haygood that for the culpable negligence manslaughter instruction to remedy the harm caused by giving the erroneous manslaughter by act instruction, the culpable negligence instruction should “render the erroneous manslaughter by act instruction to be impertinent or immaterial to what the jury must consider in order to convict.” Haygood, 109 So.3d at 742. The Supreme Court determined that even though the jury had been instructed on culpable negligence manslaughter and manslaughter by act:
The evidence in this case supported a finding that Haygood intentionally committed an act or acts, and that the act or acts resulted in the victim’s death. The evidence also supported a finding that he had no intent to kill the victim. Significantly, there was no evidence to support a finding that Turkey’s [the victim’s] death resulted from culpable negligence.
Id. at 741-42. Under those circumstances, the Supreme Court held that the culpable negligence instruction did not render the manslaughter by act instruction immaterial; “[t]hus the erroneous manslaughter by act instruction was fundamental error ...” Id. at 742; see also Salonlco, — So.3d at —, 39 Fla. L. Weekly at D1324 (reversing appellant’s conviction for second-degree murder and remanding for new trial when evidence did not reasonably support a finding that the victim’s death was caused by appellant’s culpable negligence).
The Haygood facts mirror the relevant facts in Smith’s case. Here, the evidence and argument focused on Smith’s state of mind at the time of the shooting: whether he was committing second-degree murder or manslaughter by act or whether he was acting in self-defense. As was the case in Haygood, here there was no evidence from which the jury could find Smith guilty of the lesser included offense of manslaughter by culpable negligence. Thus, the instruction on culpable negligence did not render the erroneous manslaughter by act instruction impertinent or immaterial.
The State argues that the factual scenario presented here is analogous to Saldana v. State, 139 So.3d 351 (Fla. 2d DCA 2014). In Saldana, the defendant was charged with, inter alia, attempted first-degree murder; the jury was instructed on lesser included offenses, including attempted manslaughter by act; and the jury ultimately found him guilty of the lesser included offense of attempted second-degree murder. Id. at 352. On appeal, the defendant argued fundamental error occurred when the jury was given the erroneous instruction on attempted manslaughter by act and he was convicted of a crime one step removed from the offense that was the subject of the erroneous instruction. Id. at 352-53. The Second District held that giving the erroneous instruction on attempted manslaughter by act was not fundamental error because the element of intent was not in dispute and the only question for the jury was whether the defendant’s use of force was justified as self-defense. Id. at 353.
We find Saldana is factually distinguishable from the instant case. In the case under review, there was testimony that Smith told law enforcement that his gun discharged by accident after he armed himself in response to the victim pulling a gun on him first, as well as testimony that Smith deliberately discharged the firearm. Thus, the evidence indicates that Smith either purposefully fired the gun, in self-defense or otherwise, or that the gun acci-dently discharged while Smith was wielding it in self-defense. Significantly, this *974 circumstance distinguishes the instant case from Saldana, where the defendant conceded that he intended to shoot the victim and the sole question for the jury was whether the shooting was justified or excusable.
Accordingly, Haygood is controlling and we REVERSE Smith’s judgment and sentence for second-degree murder, and REMAND for a new trial.
BENTON, and WETHERELL, JJ„ concur.