NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWARD LEE BASKIN,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )        Case No. 2D14-1051
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed March 9, 2016.

Appeal from the Circuit Court for Lee
County; Bruce Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SLEET, Judge.


        Edward Baskin challenges his convictions and sentences for burglary of a

dwelling with a firearm, grand theft of a firearm, grand theft of more than $100 but less

than $300, and possession of less than twenty grams of cannabis.  All of the offenses

arose from the same criminal episode.  Mr. Baskin was convicted following a jury trial,

and the trial court sentenced him as a habitual felony offender (HFO) to thirty years with a fifteen-year mandatory minimum prison releasee reoffender sentence for the burglary, five years as an HFO on each of the grand theft charges to be served concurrently to one another but consecutively to the burglary sentence, and time served on the possession charge.

We affirm his convictions without comment, but because Mr. Baskin's HFO sentences on the grand theft convictions in counts two and three improperly run consecutively to the burglary sentence in count one, we must reverse his sentences in counts two and three and remand with instructions to run his sentences concurrently. See Hale v. State, 630 So. 2d 521, 524 (Fla. 1993) ("We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively."); see also Saldana v. State, 139 So. 3d 351, 353 (Fla. 2d DCA 2014) ("[T]he charges . . . arose from the same criminal episode. Thus, the consecutive . . . sentences for these crimes are illegal under Hale. Accordingly, we reverse Saldana's sentences and remand with directions for the court to impose concurrent sentences." (citations omitted)).

Additionally, at sentencing, on count one, the trial court orally sentenced Mr. Baskin to thirty years' imprisonment as an HFO, with the first fifteen years being served as a mandatory minimum pursuant to the Prison Releasee Reoffender Act. See § 775.082(9)(a)(3)(c), Fla. Stat. (2013). The trial court's written judgment states that for count one, Mr. Baskin is to be imprisoned for thirty years and notes that he "is declared a Prison Releasee Reoffender and has been sentenced to an extended term in

accordance with the provisions of section 775.082(9)(a)(3)." But there is no mention of the HFO enhancement, and the PRR notation does not state that the mandatory minimum sentence under that enhancement is for fifteen years only. As such, the written sentence does not comport with the oral pronouncement. Therefore, on remand the trial court must also correct the written judgment as to count one to reflect its oral pronouncement. See Rivera v. State, 117 So. 3d 449, 449 (Fla. 2d DCA 2013) ("Because the written sentences do not comport with the trial court's oral pronouncement, we must remand for correction of the written sentences to reflect the oral pronouncement.").[1]

Affirmed in part, reversed in part, and remanded with instructions.

ALTENBERND and NORTHCUTT, JJ., Concur.

---

[1]Mr. Baskin preserved these issues for appeal by raising them in a Florida Rule of Criminal Procedure 3.800(b)(2) motion. However, the trial court did not rule on the motion within the sixty days allowed by the rule, and thus the motion is deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B).