NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH WEITZ,                        )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D14-5266
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
                                     )
_____)

Opinion filed June 24, 2016.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and Nicholas Martino, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

          Joseph Weitz challenges his convictions and sentences for transmitting

material harmful to minors to a minor and unlawful use of a two-way communications

device. Weitz was convicted following jury trial, and the trial court sentenced him as an

habitual felony offender (HFO) to ten years' prison on the transmitting harmful material

count and to a consecutive five-year non-HFO term on the two-way communications device count. We affirm Weitz's conviction for transmitting material harmful to minors to a minor for the reasons set forth by this court in Duclos-Lasnier v. State, 2D15-2415, 2016 WL 3057352 (Fla. 2d DCA May 27, 2016), and affirm his conviction for unlawful use of a two-way communications device without further comment.

However, the trial court erred in running Weitz's non-HFO sentence for unlawful use of a two-way device consecutively to his HFO sentence for transmitting harmful material when both charges arose out of the same criminal episode. See Hale v. State, 630 So. 2d 521, 525 (Fla. 1993). Accordingly, we must reverse Weitz's sentences. We remand with instructions to the trial court to run the sentences concurrently. See id. at 526; Saldana v. State, 139 So. 3d 351, 353 (Fla. 2d DCA 2014).

Affirmed in part, reversed in part, and remanded with instructions.


NORTHCUTT and KHOUZAM, JJ., Concur.