NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH J. WEITZ, DOC #139777,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Case No.  2D17-2892
STATE OF FLORIDA,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀)
_____)

Opinion filed April 18, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; William Sites, Judge.

Joseph J. Weitz, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

SLEET, Judge.

Joseph Weitz challenges the postconviction court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion in which he alleged six claims of ineffective assistance of counsel.  We affirm without comment the denial of claims one, two, three, five, and six.  However, we reverse the denial of claim four and remand for the postconviction court to consider Weitz's amended claim four filed on May 15, 2017.

Weitz was convicted by a jury of transmitting material harmful to minors to a minor and unlawful use of a two-way communications device. He was sentenced as a habitual felony offender (HFO) to ten years' imprisonment on the transmitting conviction and to a consecutive five-year non-HFO term on the two-way communications device count. On direct appeal, this court affirmed Weitz's convictions but reversed his sentences and remanded with instructions to run the sentences concurrently instead of consecutively. Weitz v. State, 196 So. 3d 466, 466 (Fla. 2d DCA 2016). Weitz did not appeal his amended sentence.

Weitz then filed a timely rule 3.850 motion on April 6, 2017. That motion was summarily dismissed as facially insufficient with leave to amend. Weitz filed an amended motion on May 5, 2017. The postconviction court summarily denied that motion on May 25, 2017, addressing each of Weitz's six grounds for relief and concluding that each was conclusively refuted by the record. Weitz then filed a motion for rehearing, in which he alleged that on May 15, 2017—prior to the court entering its order denying his May 5 motion—he filed a second amended rule 3.850 motion modifying several of his initial claims. Weitz attached to his motion for rehearing a copy of his second amended motion, which according to its date stamp had been provided to prison officials on May 15, 2017. On June 16, 2017, the postconviction court denied the motion for rehearing, indicating that the record did not include the May 15 motion and that the last motion filed by Weitz was his May 5 motion.

"A motion may . . . be amended at any time prior to either the entry of an order disposing of the motion or the entry of an order . . . directing that an answer to the motion be filed . . . whichever occurs first." Fla. R. Crim. P. 3.850(e). Here, Weitz's

second amended motion was filed on May 15 when it was handed to prison officials. See Haag v. State, 591 So. 2d 614, 617 (Fla. 1992) ("Under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials. . . . [W]e hold that the mailbox rule exists as a matter of Florida law." (citation omitted)). As such, it was filed ten days before the postconviction court entered its order summarily denying Weitz's first amended motion. Although the motion may not have been in the record prior to the court's denying Weitz's motion for rehearing, Weitz did attach a copy of the amended motion to the motion for rehearing and the copy reflected the prison's date stamp. The court therefore erred in denying the motion for rehearing. See Bonilla v. State, 106 So. 3d 534, 534 (Fla. 4th DCA 2013) ("Bonilla timely turned over the supplemental motion to prison officials for mailing before the two-year time period of rule 3.850 expired[] and before the trial court ruled on the initial motion. We recognize that the supplemental motion may not have been received by the trial court prior to it[s] ruling on the initial motion. However, Bonilla moved for rehearing, noting his timely supplemental motion and furnishing a copy for review." (citations omitted)).

However, our review of both the May 5 and the May 15 motions reveals that only one claim for relief, ground four, was modified in any way. In ground four of the original motion Weitz alleged that counsel was ineffective for failing to object to the prosecutor's misrepresenting the evidence in her rebuttal closing argument. The postconviction court summarily denied this claim by attaching the transcript of the

rebuttal closing argument in which it was clear that the prosecutor did not say what Weitz had alleged in his motion. However, the amended motion's ground four alleged that counsel was ineffective for failing to object to the prosecutor misrepresenting the evidence while conducting redirect examination of the investigating detective. As such, the postconviction court's attachment does not conclusively refute the amended ground four. We therefore reverse the summary denial of this ground and remand with instructions that the postconviction court consider ground four of the May 15 amended motion, determine whether it is facially sufficient, and either attach portions of the record that conclusively refute it or grant an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and LUCAS, JJ., Concur.